YVONNE B. TANI, Individually and as Next Friend of JERICA N. TANI-HIGA, BRONSON P. TANI-HIGA, CAMERON K.L. TANI-KIYOKANI, RANDI P. TANI-HIGA, and KALEO W. WONG; BEATRICE NAKAUYE, Individually and Personal Representative of the Estate of NOBUO TANI; ICHIKO MORATIN; AUDREY TANI; and LAURIE SHICHIDA, Plaintiffs-Appellees,
v.
PLASTIC PILINGS, INC., Defendant-Appellant, and
HEALY TIBBITS BUILDERS, INC.; and GEORGE LEOTA, Defendants-Appellees, and
DOE DEFENDANTS 1-100, Defendants. HEALY TIBBITS BUILDERS, INC.; and GEORGE LEOTA, Defendants/Third-Party Plaintiffs/Appellees,
v.
PLASTIC PILINGS, INC., Third-Party Defendant/Appellant, and
SAUSE BROS., INC., Third-Party Defendant/Appellee, and
DOE DEFENDANTS 1-100, Third-Party Defendants.
No. 28648
Intermediate Court of Appeals of Hawaii.
December 5, 2008.
On the briefs:
Steven K. Hisaka, Janice T. Futa, (Hisaka Yoshida & Cosgrove), for Defendant/Third-Party Defendant/Appellant Plastic Pilings, Inc.
Robert G. Frame, Michael J. Nakano, Mark S. Hamilton, (Frame & Nakano), for Defendants/Third-Party Plaintiffs/Appellees Healy Tibbitts Builders, Inc. and George Leota.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and NAKAMURA, JJ.
Defendant/Third-Party Defendant/Appellant Plastic Pilings, Inc. (PPI) appeals from the Judgment filed on June 13, 2007 in the Circuit Court of the First Circuit (circuit court).[1]
On appeal, PPI contends the circuit court erred in its June 7, 2007 "Order Denying in Part and Granting in Part Defendant Plastic Pilings, Inc.'s Motion for Attorney's Fees and Costs Filed April 25, 2007" (Order) by not awarding PPI attorney's fees and costs for the arbitration proceedings, pursuant to Hawaii Revised Statutes (HRS) § 607-14 (Supp. 2007), because the cross-claim filed by Defendants/Third-Party Plaintiffs/Appellees Healy Tibbitts Builders, Inc. and George Leota (collectively, HTBI) against PPI was in the nature of assumpsit and PPI was the prevailing party on the cross-claim.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve PPI's point of error as follows:
HRS § 658A-4(a) (Supp. 2007) provides: "Except as otherwise provided in subsections (b) and (c), a party to an agreement to arbitration or to an arbitration proceeding may waive, or the parties may vary the effect of, the requirements of this chapter to the extent permitted by law."
The Agreement between HTBI and PPI did not vary the application of HRS § 658A-21 (Supp. 2007). PPI and HTBI may not waive or vary the effect of HRS § 658A-25 (Supp. 2007). HRS § 658A-4(c) (Supp. 2007). If PPI wanted attorneys' fees and costs related to the arbitration, it could have sought such fees and costs from the arbitrator pursuant to HRS § 658A-21. The arbitrator did not award PPI attorneys' fees and costs for the arbitration. PPI joined in the motion to confirm the arbitration award, with the clarification that the circuit court enter judgment in favor of PPI and against HTBI reflecting the amount due from HTBI to PPI for attorneys' fees and costs of litigation, and filed a Motion for Attorneys' Fees and Costs. In the Order, the circuit court denied PPI's attorneys' fees, but granted costs under HRS § 658A-25(b) relating to the motion to confirm the arbitration award, subject to PPI filing a declaration. The circuit court confirmed the arbitration award and ordered the entry of judgment. In the Judgment, the circuit court properly awarded PPI costs related to confirmation of the award, pursuant to HRS § 658A-25, but noted that PPI had not filed a declaration for the recovery of such costs.
Therefore,
The "Order Denying in Part and Granting in Part Defendant Plastic Pilings, Inc.'s Motion for Attorney's Fees and Costs Filed April 25, 2007" filed on June 7, 2007 and the Judgment filed on June 13, 2007 in the Circuit Court of the First Circuit are affirmed.
NOTES
[1] The Honorable Karen S. S. Ahn presided.